# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ACOUSTICAL SURFACES, INC., a Minnesota corporation, | ) ) ) |
| Plaintiff, | ) CASE NO.: 13-CV-4837 ) ) Judge Robert M. Dow, Jr. |
| v. | ) ) |
| VERTETEK CORPORATION, ET AL., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to dismiss [49] filed by Plaintiff/Counter-Defendant Acoustical Surfaces, Inc. ("Acoustical"), seeking to dismiss Count II (fraudulent inducement/misrepresentation claim) of the counterclaim filed by Defendants/Counter-Plaintiffs Vertetek Corporation, Richard Pulciani, Timm Rucinski, and Antonio Belmonte (collectively "Vertetek Defendants"). For the reasons set forth below, the Court grants Acoustical's motion to dismiss [49] and dismisses Count II.

## I. Background

Plaintiff/Counter-Defendant Acoustical is a Minnesota corporation, located in Minnesota, which markets and sells acoustical and architectural products in the United States. Defendant/Counter-Plaintiff Vertetek is an Illinois corporation located in Illinois, which makes a paint product called "Coat of Silence" ("COS"), an acoustical, sound-reduction paint applied to interior and exterior surfaces. Individual Defendants/Counter-Plaintiffs Pulciani, Rucinski, and Belmonte are officers or agents of Vertetek. Defendant 360 Coatings, LLC is a Wyoming limited liability company located in Florida, and Rairick is 360's sole member and president. 360 distributes Vertetek's paint products throughout the U.S. The allegations contained in

Acoustical's complaint are set forth in detail in the Court's memorandum opinion and order dated April 8, 2014, and need not be recounted here.

In their counterclaim, the Vertetek Defendants allege that, in negotiations with Vertetek, Acoustical knowingly made false representations regarding its intent to market and sell Vertetek's products, specifically COS. According to the Vertetek Defendants, Acoustical promised in the agreement to fulfill its duties if Vertetek would agree to enter into an exclusive contract for the sale of Vertetek products. The Vertetek Defendants further assert that, at the time that Acoustical made those representations, it knew that they were false and that Acoustical had no intention of fulfilling its duties. They also allege that Acoustical knowingly made false representations to Vertetek regarding its ability to distribute Vertetek's products throughout the Territory by, among other things, providing Vertetek with photographs of its various distribution facilities throughout the United States. Acoustical allegedly made those representations with the intent of inducing Vertetek into making an exclusive contract with Acoustical for the sale of Vertetek products. Then, once the Agreement was entered into, Acoustical failed to meet its duties. As a result of these misrepresentations, Vertetek alleges that it was unable to effectively market and sell its products because Acoustical failed to respond to customer inquiries in a timely and reasonable fashion and attempted to sell other products to potential customers who called with inquiries about Vertetek products.

## II. Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), a counterclaim must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); see also *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.,* 250 F.3d 570, 574 (7th Cir. 2001) (applying Rule 12(b)(6) standard to motion to dismiss counterclaims). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Additionally, when considering motions to dismiss, "[the Seventh Circuit] accept[s] all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal–Mart Stores, Inc.,* 722 F.3d 1014, 1027 (7th Cir. 2013)). At the same time, however, "allegations in the form of legal conclusions are insufficient to survive aRule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal,* 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

Where a counterclaim sounds in fraud, the allegations of fraud must satisfy the heightened pleading requirements of Rule 9(b). Fed. R. Civ. P. 9(b); see also *Borsellino v. Goldman Sachs Group, Inc.,* 477 F.3d 502, 507 (7th Cir. 2007) (citing *Rombach v. Chang,* 355 F.3d 164, 170–71 (2d Cir. 2004)). Rule 9(b) states that for "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). A complaint satisfies Rule 9(b) when it alleges "the who, what, when, where, and how: the first paragraph of a newspaper story." *Borsellino,* 477 F.3d at 507 (quoting *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990)). Rule 9(b), read in conjunction with Rule 8, requires that the plaintiff plead "the time, place and contents" of the purported fraud. *Fujisawa Pharm. Co., Ltd. v. Kapoor,* 814 F. Supp. 720 (N.D. Ill. 1993). "The purpose of this heightened pleading requirement is to 'force the plaintiff to do more than the usual investigation before filing his complaint.'" *Amakua Dev. LLC v. H. Ty Warner,* 411 F. Supp. 2d 941, 953 (N.D. Ill. 2006) (citations and internal quotation marks omitted).

**III. Analysis**

The Vertetek Defendants' counterclaim alleges two causes of action: breach of contract (Count I) and fraudulent inducement/misrepresentation (Count II) against Acoustical. Acoustical answered Count I and challenges only Count II. Under Illinois law, fraudulent inducement requires proof of five elements: (1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance. See *Hoseman v. Weinschneider*, 322 F.3d 468 (7th Cir. 2003). Similarly, in order to prevail on a claim of fraudulent misrepresentation, a plaintiff must establish the following elements: (1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of the statement; and (5) damage to the plaintiff resulting from such reliance. See *Doe v. Dilling*, 888 N.E.2d 24 (Ill. 2008). Under Illinois law, all those who participate in a fraudulent act are guilty of fraud, including officers and agents of an organization. See *id.* at 615-16.

As previously set forth, allegations of fraud are subject to Rule 9(b)'s heightened pleading standard. Acoustical claims that the Vertetek Defendants have failed to satisfy this standard because (1) Count II does not "contain any allegations as to who made the misrepresentation, the time, place, or content of the misrepresentation, or the method by which it was communicated," and (2) the claim is legally deficient because claims for promissory fraud are not recognized in Illinois. The Court addresses each argument in turn.

With respect to Acoustical's first argument, the allegations specific to Count II (¶¶ 29 through 36) clearly do not contain the information necessary to meet Rule 9(b)'s heightened

pleading standard. In their response, the Vertetek Defendants point to the allegations in the counterclaim as a whole and argue that their fraud claim is stated with sufficient particularity because they have alleged that Mr. Anderson "falsely stated that Acoustical had various distribution facilities" in an effort to induce Vertetek to enter into the Agreements. Resp. at 3.

The Court has reviewed the entire counterclaim, and the Vertetek Defendants do not sufficiently allege fraudulent activity. First, the majority of the counterclaim simply quotes the parties' agreement. Breaching a contract does not equate to fraud. Second, the allegations made by the Vertetek Defendants are too vague to meet the Rule 9(b) standard. In support of their argument, the Vertetek Defendants cite to paragraphs 5, 6, 7, 33, and 34 of the counterclaim. Only paragraphs 7 and 33 address photographs and web pages of distribution facilities and these paragraphs state:

> 7. In inducing Vertetek to enter into a distribution relationship with Acoustical, Mr. Anderson ("Anderson") provided representatives of Vertetek with various photographs and web pages of Acoustical's distribution facilities throughout the United States, including but not limited to facilities in Arizona, California, Texas and Minnesota.
>
> 33. Furthermore, Acoustical knowingly made false representations to Vertetek regarding its ability to distribute Vertetek's products throughout the Territory by, inter alia, providing Vertetek with photographs of its various distribution facilities throughout the United States.

The Vertetek Defendants do not allege that Mr. Anderson actually stated the photographs or websites of distribution facilities belonged to Acoustical and do not state that Mr. Anderson at any time stated that these facilities would be used to distribute the COS Products. Furthermore, the Vertetek Defendants to do not allege specific statements that were made in connection with the photos or websites, on what specific date or time the statements were made, where the statements were made, and do not state to whom the photos or websites were provided or how they were provided. See *Viacom v. Habridge Merchant Servs, Inc.*, 20 F.3d 771, 777 (7th Cir.

1994) (stating the caselaw and commentary regarding Rule 9(b) agree that the Rule requires the party to state "the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."). In short, the Vertetek Defendants' vague pre-contractual statements fall far short of meeting the Rule 9(b) standard. Dismissal of Count II is appropriate.[1]

## IV. Conclusion

For these reasons, the Court grants Plaintiff/Counter-Defendant Acoustical Surfaces, Inc.'s motion to dismiss [49] and dismisses Count II.

Dated: July 15, 2014

_____
Robert M. Dow, Jr.
United States District Judge

---

[1] Although the Court need not reach Acoustical's second argument—that Count II is legally deficient because it essentially is a claim for promissory fraud and Illinois generally does not recognize promissory fraud claims—the Court briefly addresses the argument. As pointed out by Acoustical, Vertetek's fraudulent misrepresentation claim essentially is a claim for promissory fraud. Such claims typically are not actionable in Illinois. See, *e.g., General Elec. Credit*, 532 N.E.2d 361, 364 (Ill. App. Ct. 1988) ("As a general rule, promissory fraud, based on future acts, is not actionable in Illinois."). Illinois recognizes an exception to this general rule and allows such claims when "the fraud is one element of a pattern of fraudulent acts, and the scheme is intended to induce the promisee to act for the promisor's benefit at the time of the promise." *Harrison Wells Partners, LLC v. Chieftain Const. Holdings, Ltd.*, 2009 WL 3010847, *4 (N.D. Ill. Sept. 16, 2009) (citation and quotation marks omitted); see also *Desnick v. American Broadcasting Companies, Inc.*, 44 F.3d 1345, 1354 (7th Cir. 1995) ("Our best interpretation is that promissory fraud is actionable only if it either is particularly egregious or, what may amount to the same thing, it is embedded in a larger pattern of deceptions or enticements that reasonably induces reliance and against which the law ought to provide a remedy."); *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 865 (7th Cir. 2013) (noting that in order to establish a scheme to defraud, Plaintiff must demonstrate that "the [alleged] misrepresentation is embedded in a larger pattern of deception or the deceit is particularly egregious"). Here, Count II not only fails to plead fraud with particularity, it also fails to allege a scheme or pattern of deception. As already pointed out in the Court's prior opinion, "any alleged misrepresentations pertaining to the original agreement between Acoustical and Vertetek likely fail to state a claim for fraud." The Vertetek Defendant's disregard for the Court's prior analysis has only served to delay these proceedings.